ROBERT QUISSENBERRY *v.* BETTIE D. HUNT, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—341.]

**Wills—Construction of Will.**

> Where one devises his estate to his widow to enable her to raise and educate her children, and provides that she shall have and control such property so long as she remains his widow, and in case of her marriage the real estate to be divided between his widow and children according to the law, the children during the widowhood of their mother have no legal claim to the proceeds of such estate.

APPEAL FROM CLARK COURT OF COMMON PLEAS.

October 15, 1880.

OPINION BY JUDGE PRYOR:

The estate of the devisor was devised to his widow to enable her to raise and educate her children, and for that purpose she has the sole and absolute control of it during her widowhood; and to avoid any wrong construction of the language of the will on this subject the testator provides: "I intend that my beloved wife aforesaid shall manage and control both my estate herein and my children, so long as she remains my widow. And in the event of her marriage then the real estate, etc., to be divided between his wife and children according to law." The control and disposition of the estate is left entirely to the discretion of the widow, to prevent the annoyance to her of claims on the part of the children to a distribution of the estate or its proceeds during her widowhood. Confiding in the judgment of his wife and her affection for the children the testator has placed his wife in the same position he occupied, when living, and the children, so long as she remains a widow, have no legal claim to the proceeds of this estate, but the children are the objects of her bounty.

Judgment *affirmed.*

*G. B. Nelson, Haggard & Jones, for appellant.*

*T. S. Tucker, for appellees.*